FILED

ELIZABETH L. MCKEEN (S.B. #216690)
emckeen@omm.com
DANIELLE N. OAKLEY (S.B. #246295)
doakley@omm.com
EDGAR H. MARTINEZ (S.B. #255503)
emartinez@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone:  (949) 760-9600
Facsimile:  (949) 823-6994

2012 AUG 17  PM 2: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JEFFREY KUNS, an individual, on
his own behalf and on behalf of all
others similarly situated,

              Plaintiff,

       v.

OCWEN LOAN SERVICING, LLC,
a Delaware limited liability
company, and DOES 1-100,
inclusive,

              Defendants.

Case No. **CV 12-7118** ~DMG
(PLAX)

**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF REMOVAL**

**(28 U.S.C. §§ 1332, 1441, 1446 & 1453)**

(Los Angeles County Superior Court
Case No. BC 488534)

[Declaration of Sandra Lyew filed
concurrently herewith]

## NOTICE OF REMOVAL

       Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby removes the

above-captioned action from the Superior Court for the State of California, County

of Los Angeles, to the United States District Court for the Central District of

California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As set forth more fully

below, this Court has jurisdiction over this action pursuant to the Class Action

Fairness Act of 2005 ("CAFA") because plaintiff's complaint commenced litigation

that could have been originally filed in this Court pursuant to 28 U.S.C. § 1332(d).

As grounds for removal, Ocwen states as follows:

## I. BACKGROUND

1.     Plaintiff filed this action as a putative class action in the Superior Court for the State of California, County of Los Angeles, on July 17, 2012. The action bears case number BC 488534. A copy of the complaint and all other documents filed in state court are attached hereto as Exhibit A.

2.     Plaintiff served a copy of the complaint and summons on Ocwen on July 19, 2012. Removal is timely because this notice has been filed within 30 days after service as required by 28 U.S.C. § 1446(b).

3.     This action is removed to federal court pursuant to 28 U.S.C. § 1441 because this is a putative class action over which the Court has original jurisdiction pursuant to CAFA.

## II. CAFA JURISDICTION

4.     Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332(d), as amended by CAFA. Section 1332(d)(2) provides that United States district courts have original jurisdiction over any putative class action (1) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) involving a plaintiff class of 100 or more members; and (3) where at least one member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(1)(B), 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). Plaintiff purports to bring a class action that meets each of these jurisdictional criteria, as discussed below. (Compl. ¶¶ 5, 20 (asserting entitlement to relief on behalf of a class).)

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

5.     Here, the amount in controversy exceeds $5 million, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6) (under CAFA, the amount in controversy is satisfied if the claims of the putative class exceed, in the aggregate, $5 million, exclusive of interest and costs).

6.     Plaintiff alleges that he purchased a California residence using a purchase money loan and that this residence was eventually sold via non-judicial foreclosure. (Compl. ¶¶ 1, 16-17.)  He alleges that there was a deficiency from the sale of his residence because the proceeds from the foreclosure sale were less than the outstanding balance on his loan. (*Id.*)  He contends that under California law, there can be "no deficiency liability" following the non-judicial foreclosure of a California residence or the foreclosure of an owner-occupied residence which was financed with a purchase money mortgage. (*Id.* ¶ 2.)  Plaintiff alleges that following the foreclosure sale of his residence, Ocwen reported information to credit reporting agencies indicating that plaintiff was liable for the deficiency after foreclosure. (*Id.* ¶¶ 3, 17-19.)  Plaintiff contends that this information was "inaccurate or incomplete" because Ocwen "failed to indicate or disclose that [plaintiff] was not liable for the deficiency from the foreclosure of his home." (*Id.*)  As a result of Ocwen's alleged conduct, plaintiff asserts a claim for violation of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 ("CCRAA"). (*Id.* ¶¶ 19, 31-38.)

7.     Plaintiff alleges that Ocwen similarly violated the CCRAA with respect to a putative class of California borrowers with loan accounts serviced by Ocwen. (*Id.* ¶¶ 20, 29-30.)  Specifically, plaintiff alleges that Ocwen provided information to credit reporting agencies indicating that borrowers owed a deficiency following the non-judicial foreclosure sale of their residence or the foreclosure sale of an owner-occupied residential property that was secured by a purchase money loan, and plaintiff contends that such reporting was inaccurate and incomplete because Ocwen failed to indicate or disclose that the putative class members had no liability for these deficiencies. (*Id.* ¶¶ 29-30, 35.)

1.     On the basis of these allegations, plaintiff seeks to certify a class consisting of *inter alia* "[a]ll natural persons residing in California at the time Ocwen Loan Servicing, LLC reported information to TransUnion, Experian, and/or

1   Equifax which [] indicated that such person was liable for the deficiency from [] a

2   non-judicial foreclosure of a mortgage for a residential property in California."

3   (Compl. ¶ 20.)[1]  Among other relief, plaintiff seeks statutory punitive damages,

4   actual damages, attorneys' fees, and injunctive relief, on behalf of himself and the

5   putative class.  (Id. ¶ 38, Prayer for Relief.)

6       2.      Under the CCRAA, "putative class members would be entitled to

7   [p]unitive damages of not less than one hundred dollars ($ 100) nor more than five

8   thousand dollars ($ 5,000) . . ." for willful violations.  *Wang v. Asset Acceptance,*

9   *LLC*, 680 F. Supp. 2d 1122, 1124-25 (N.D. Cal. 2010) (internal quotations omitted)

10  (citing Cal. Civ. Code § 1785.31(a)(2) and denying motion for remand where

11  estimated size of putative class multiplied by minimum amount of punitive

12  damages per class member far exceeded CAFA amount in controversy threshold).

13  (*See* Compl. ¶ 6.)

14      3.      While Ocwen generally denies plaintiff's allegations and further

15  denies that any class could be certified pursuant to Fed. R. Civ. P. 23 or on any

16  other basis, from July 1, 2010 through June 30, 2012, Ocwen engaged in credit

17  reporting for approximately 5,101 California loans where the reporting indicated

18  that a foreclosure sale had occurred on the property secured by the loan.  (Lyew

19  Decl. at ¶ 3.)  For approximately 4,730 of these loans, Ocwen reported a positive

20  balance on the loan account to the three major credit bureaus following foreclosure

21  sale of the property.  (*Id.*)  The overwhelming majority of the foreclosures

---

[1] In full, plaintiff's proposed class definition includes "[A]ll natural persons residing in California at the time Ocwen Loan Servicing, LLC reported information to TransUnion, Experian, and/or Equifax which (a) indicated that such person was liable for the deficiency from (i) a non-judicial foreclosure of a mortgage for a residential property in California; *or* (ii) a foreclosure of a purchase money mortgage for an owner-occupied residential property in California with less than five units; *or* which (b) indicated that such person's liability for a deficiency from (i) a non-judicial foreclosure of a mortgage for a residential property in California; *or* (ii) a foreclosure of a purchase money mortgage for owner-occupied residential property in California with less than five units was discharged in bankruptcy when the bankruptcy occurred after foreclosure." (Compl. ¶ 20 (emphasis added).)

1   associated with these loans were conducted non-judicially. (*Id.*)  Assuming that

2   plaintiff sought to recover the maximum $5,000 in punitive damages for each such

3   loan,[2] the amount in controversy would well exceed the CAFA threshold of

4   $5 million.[3]  *See Wang*, 680 F. Supp. 2d at 1124-25.

5       4.    With respect to actual damages, plaintiff alleges that he and other

6   members of the putative class suffered actual injury in the form of "emotional

7   distress, declined and reduced credit, forced purchase of credit reports and credit

8   monitoring [services], postage and private courier costs, mileage, long-distance

9   telephone charges, lost cell phone airtime, [and] increased credit costs." (Compl.

10  ¶ 37.)  While Ocwen disputes that plaintiff or any member of the putative class is

11  entitled to recovery of actual damages, when plaintiff's request for actual damages

12  on behalf of himself and the putative class is considered in conjunction with the

13  potential statutory damages at issue, more than $5 million is in controversy here.

14  *See Wang*, 680 F Supp. 2d at 1124 (finding that, although amount of actual

15  damages was unspecified in complaint, amount in controversy threshold would be

16  satisfied even if each putative class member only had a nominal amount of actual

17  damages).

18      5.    The above figures also do not include attorneys' fees, which plaintiff

19  also seeks. (Compl. ¶ 38, Prayer for Relief.)  Because the fees sought are

20  authorized by statute, an estimate of attorneys' fees may be included in the

21  _____

22  [2] Ocwen contends that plaintiff is not entitled to recover the damages he seeks, but
    the question at issue here is not whether plaintiff may be able to establish liability

23  or prove damages, but whether the amount in controversy exceeds the jurisdictional
    threshold. *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010)

24  ("The amount in controversy is simply an estimate of the total amount in dispute,
    not a prospective assessment of defendant's liability.")

25

26  [3] Even assuming that plaintiff sought to recover only half of the punitive damages
    recoverable under the CCRAA, the amount in controversy would be over the

27  jurisdictional threshold of $5 million, even without including any actual damages or
    attorneys' fees, both of which plaintiff seeks and which are properly considered in

28  evaluating the amount in controversy.

1  calculation of amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

2  1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an

3  award of attorneys' fees, either with mandatory or discretionary language, such fees

4  may be included in the amount in controversy."); Cal. Civ. Code § 1785.31(d)

5  (prevailing party in CCRAA action entitled to court costs and attorneys' fees).

6  Accordingly, if attorneys' fees are included in the calculation of the amount in

7  controversy, more than $5 million is in controversy here.

8  THE CLASS CONSISTS OF OVER 100 CLASS MEMBERS

9       6.      As discussed above, plaintiff seeks to certify a class consisting of *inter*

10  *alia* "[a]ll natural persons residing in California at the time Ocwen Loan Servicing,

11  LLC reported information to TransUnion, Experian, and/or Equifax which []

12  indicated that such person was liable for the deficiency from [] a non-judicial

13  foreclosure of a mortgage for a residential property in California." (Compl. ¶ 20.)

14       7.      While Ocwen denies that any class could be certified pursuant to Fed.

15  R. Civ. P. 23 or on any other basis, as explained in paragraph 10 above, the putative

16  class here significantly exceeds 100 members given that, since July 2010, Ocwen

17  has reported positive balances to the three major credit bureaus for approximately

18  4,730 California loans following the foreclosure sale of the property secured by the

19  loan (where the overwhelming majority of these foreclosures were conducted non-

20  judicially). (Lyew Decl. ¶ 3.)

21  DIVERSITY OF CITIZENSHIP EXISTS AS REQUIRED BY CAFA

22       8.      There is a diversity of citizenship between plaintiff and Ocwen.

23       9.      Plaintiff is a resident of California. (Compl. ¶ 7.) Plaintiff has not

24  alleged any alternative state of residence or intent to stay indefinitely in such state.

25  (*See* Compl.) Accordingly, plaintiff is domiciled in California and is therefore a

26  citizen of California. *See Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) ("A

27  change in domicile requires the confluence of (a) a physical presence at the new

28  location with (b) an intention to remain there indefinitely."); *State Farm Mut. Auto*

1   *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima*

2   *facie* the domicile"); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)

3   ("Where one lives is *prima facie* evidence of domicile") (citing *District of*

4   *Columbia v. Murphy*, 314 U.S. 441, 62 S. Ct. 303, 86 L. Ed. 329 (1941)); *Aqua*

5   *Connect, Inc. v. Code Rebel, LLC*, No. 11-cv-5764, 2011 WL 5075421, *3 n.2

6   (C.D. Cal. Oct. 25, 2011) (same); *Gutterman v. Wachovia Mortg.*, No. CV 11–

7   1611, 2011 WL 2633167, *1 (C.D. Cal. March 31, 2011) (same).

8         10.    Ocwen is a limited liability company organized under the laws of

9   Delaware and having a principal place of business in the State of Florida.  (Lyew

10   Decl. ¶ 2.)  For the purposes of CAFA, an unincorporated association is deemed to

11   be a citizen of the state where it has its principal place of business and the state

12   under whose laws it is organized.  28 U.S.C. § 1332(d)(10); *Ferrell v. Express*

13   *Check Advance of South Carolina, LLC*, 591 F.3d 698, 704 (4th Cir. 2010); *Roling*

14   *v. E\*Trade Sec.*, LLC, 756 F. Supp. 2d 1179, 1184-1185 (N.D. Cal. 2010).

15   Therefore, under CAFA, Ocwen is a citizen of Delaware and Florida.

16         11.    Because plaintiff is a citizen of California and Ocwen is a citizen of

17   Delaware and Florida, at least one class member and one defendant are diverse

18   from one another as required by CAFA.

19         **NONE OF THE EXCEPTIONS TO CAFA APPLIES TO THIS ACTION**

20         12.    CAFA contains a number of exceptions which, where applicable,

21   prevent the Court from exercising jurisdiction over a class action, even where that

22   class action meets CAFA's threshold requirements triggering diversity jurisdiction.

23   None of these exceptions applies to the present case.

24         13.    Under CAFA's "Local Controversy Exception," an action is not

25   removable if (1) more than two-thirds of the class are citizens of the state in which

26   the action was filed; (2) at least one defendant whose conduct forms a significant

27   basis of the claims is a citizen of the state in which the action was filed; (3) the

28   principal injuries occurred in the state where the action was filed; and (4) no class

1  action has been filed alleging the same claims against any of the defendants in the

2  last three years. *See* 28 U.S.C. § 1332(d)(4)(A). This exception is not applicable

3  here because Ocwen is not a citizen of California.

4      14.    Under CAFA's "Home State Exception," an action is not removable if

5  at least two-thirds of class members and all primary defendants are citizens of the

6  state in which the action was filed. *See* 28 U.S.C. § 1332(d)(4)(B). This exception

7  is not applicable here because Ocwen is not a citizen of California.

8      15.    Accordingly, the exceptions to CAFA do not apply to this action and

9  this court has diversity jurisdiction over this action because matter in controversy

10  exceeds the sum or value of $5,000,000, exclusive of interest and cost, the putative

11  class includes 100 or more members, and there is at least one member of the

12  putative class that is a citizen of a state different from any defendant.

13                          **III. VENUE**

14      16.    The Superior Court of the State of California, County of Los Angeles

15  is located within the Central District of California, Western Division. *See* 28

16  U.S.C. § 84(c)(2). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a)

17  because the District Court for the Central District of California is the "district and

18  division embracing the place where such action is pending."

19                          **V. NOTICE**

20      17.    Pursuant to 28 U.S.C. § 1446(a), concurrently with the filing of this

21  Notice, a copy of this Notice of Removal is being served upon counsel for plaintiff

22  and a copy this Notice of Removal is being filed with the Clerk of the Superior

23  Court of California, County of Los Angeles.

24      WHEREFORE, Ocwen respectfully removes this Action from the Superior

25  Court of California, County of Los Angeles to this Court.

26

27

28

Dated: August 17, 2012

Respectfully submitted,

O'MELVENY & MYERS LLP
ELIZABETH L. MCKEEN
DANIELLE N. OAKLEY
EDGAR H. MARTINEZ

By: _____
    Edgar H. Martinez
Attorneys for Defendant
OCWEN LOAN SERVICING, L.L.C.

9        NOTICE OF REMOVAL  CV _____

# Exhibit A

# Exhibit A

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600
(888) 958-3028
jpcothranlaw@gmail.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 17 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

*Attorneys for Plaintiff Jeffrey Kuns, on his own behalf,
and on behalf of all others similarly situated*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

JEFFREY KUNS, an individual, on
his own behalf and on behalf of all
others similarly situated,

  Plaintiffs,

  v.

OCWEN LOAN SERVICING, LLC,
a Delaware limited liability
companies, and DOES 1-100,
inclusive,

  Defendants.

No.   **BC 48 8 53 4**

**UNLIMITED CIVIL ACTION**

**CLASS ACTION COMPLAINT**
FOR VIOLATION OF CONSUMER
CREDIT REPORTING AGENCIES
ACT, CIVIL CODE, § 1785.25(A).

**DEMAND FOR JURY TRIAL**

**BY FAX**

### CLASS ACTION COMPLAINT

Plaintiff Jeffrey Kuns ("Kuns" or "Plaintiff"), makes this complaint against

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), and Does 1 to

100 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are

based on personal knowledge. The other allegations are based on his counsel's

investigation of publicly available documents and interviews with witnesses, and

information and belief.

### Introduction

1.   Kuns purchased a residence in Nevada City, California in Ju___

with a purchase money loan. Ocwen serviced the loan. After the ___ acquired,

Kuns was unable to make mortgage payments. Kuns's residence was sold t___ _ _

a non-judicial foreclosure on December 21, 2009. There was a deficiency from ___

sale of the home – that is, the proceeds were less than the amount of the loan ___

Class Action Complaint

time of the foreclosure.

2.    At least two provisions of the California Code of Civil Procedure bar deficiency liability in Kuns's situation. First, there is no deficiency liability on a mortgage after a non-judicial foreclosure:

> No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property . . . hereafter executed in any case in which the real property . . . has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust.

(Code Civ. Proc., § 580d.) Second, there is no deficiency liability after foreclosure on a purchase money mortgage for a personal residence that is used by less than five families:

> No deficiency judgment shall lie in any event after a sale of real property . . . under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

(Code Civ. Proc., § 580b.) Simply put, California law precludes deficiency liability in the situation that Kuns faced.

3.    However, after the December 2009 foreclosure, Ocwen furnished information to credit reporting agencies was inaccurate or incomplete because it indicated that Kuns was liable for the deficiency after the foreclosure.

4.    The Consumer Credit Reporting Agencies Act ("CCRAA") (Civ. Code, §§ 1785.1 to 1785.36) regulates furnishing information to credit reporting agencies. In particular, the CCRAA prohibits furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).)

5.    Ocwen services mortgage loans on residences throughout California, and many of those mortgages have been foreclosed. On information and belief, Ocwen furnishes information to credit reporting agencies that many consumers owe the deficiencies from the non-judicial foreclosures or foreclosures of purchase

---

money mortgages on residences in California. Ocwen's credit reporting concerning these individuals is inaccurate and incomplete.

6. Ocwen's practices violate section 1785.25(a) of the CCRAA. On his own behalf and on behalf of all similarly situated persons, Kuns seeks actual damages, statutory punitive damages, and injunctive relief under section 1785.31 of the CCRAA.

## Parties

7. Plaintiff Jeffrey Kuns is a natural person who resided in Los Angeles County at the times relevant to this complaint. Kuns brings this action on behalf of himself and others similarly situated.

8. Defendant Ocwen Loan Servicing, LLC is a Delaware limited liability company which maintains offices at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

9. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff. On information and belief, all Doe Defendants are citizens of California.

10. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and

1  joint venture, conspiracy or enterprise, and with the express and/or implied

2  permission, knowledge, consent, authorization and ratification of their co-

3  Defendants; however, each of these allegations are deemed "alternative" theories

4  whenever not doing so would result in a contraction with the other allegations.

5      11.    All Defendants, including Does 1 through 100, are collectively

6  referred to as "Defendants" or "Ocwen."

7      12.    Whenever this complaint refers to any act of Defendants, the

8  allegations shall be deemed to mean the act of those defendants named in the

9  particular cause of action, and each of them, acting individually, jointly and

10 severally, unless otherwise alleged.

11               **Jurisdiction and Venue**

12     13.    This Court may exercise jurisdiction over this case and these parties

13 under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and

14 the amount in controversy exceeds this court's jurisdictional minimum.

15     14.    Venue in this County is proper under Code of Civil Procedure

16 sections 395.5, because, e.g., Ocwen's liability arose in the County of Los Angeles.

17     15.    All allegations in this complaint are based on information and belief

18 and/or the documents and information currently available and in the hands of

19 Plaintiff's attorneys, and are such that additional evidentiary support and detail will

20 be forthcoming after a reasonable opportunity for further investigation or

21 discovery.

22               **Kuns's Individual Claims**

23     16.    Kuns purchased a residence in California with a purchase money loan.

24 The residence was sold through a non-judicial foreclosure in December 21, 2009.

25     17.    There was a deficiency from the sale of the home – that is, the

26 proceeds were approximately $400,000 less than the amount of the loan at the time

27 of the foreclosure. Immediately prior to filing for bankruptcy in June 16, 2011, he

28 discovered that Ocwen had furnished information to Equifax and possibly other

Class Action Complaint                     4

credit reporting agencies (collectively, "CRAs") suggesting that Kuns was liable for this deficiency. (In the alternative or in addition, Ocwen did not correct outdated information which misleadingly suggested that Kuns was liable for the deficiency from the foreclosure of his home.) Kuns has no notice of how Ocwen had reported this deficiency until he reviewed his credit report in preparation for his bankruptcy on or about June 16, 2011.

18.    In October 2011, Ocwen reported to Equifax credit reporting agencies that Kuns's liability for the deficiency was eliminated through his June 2011 bankruptcy – again, suggesting that Kuns had liability for the deficiency after Ocwen foreclosed on his home.

19.    The information Ocwen furnished to Equifax was incomplete and inaccurate because it failed to indicate or disclose that Kuns was not liable for the deficiency from the foreclosure of his home. Under Code of Civil Procedure sections 580b and 580d, Kuns was not liable for the deficiency from a non-judicial foreclosure of a personal residence under a purchase money loan. The CCRAA prohibits furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).) Ocwen's credit reporting violated CCRAA section 1785.25.

### Class Certification Allegations

20.    **Class Definition:** Kuns seeks to certify a class and brings this Complaint against the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of himself and the following class:

> All natural persons residing in California at the time Ocwen Loan Servicing, LLC reported information to TransUnion, Experian, and/or Equifax which (a) indicated that such person was liable for the deficiency from
>
> (i)    a non-judicial foreclosure of a mortgage for a residential property in California; or
>
> (ii)   a foreclosure of a purchase money mortgage for an

Class Action Complaint                                    5



owner-occupied residential property in California with less than five units; or

which (b) indicated that such person's liability for a deficiency from

    (i)    a non-judicial foreclosure of a mortgage for a residential property in California; or

    (ii)   a foreclosure of a purchase money mortgage for an owner-occupied residential property in California with less than five units

was discharged in bankruptcy when the bankruptcy occurred after the foreclosure ("the Class").

To the extent Ocwen asserts that other allegations in this Complaint alter the foregoing class definition, this paragraph and the next paragraph control and supersede all of Plaintiff's other allegations. Excluded from the class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Kuns reserves the right to revise the definition of the Class based on facts learned during discovery. Kuns is a member of the Class that he seeks to represent.

    21.    The Class is narrowly defined. Consistent with the definition of the Class set forth above, Kuns does not allege that all of Ocwen's credit reporting violated the CCRAA. First, the Class is limited to deficiencies arising from either (a) a non-judicial foreclosure of a mortgage on a residential property in California; or (b) a foreclosure of a purchase money mortgage on an owner-occupied residential property in California with less than five units. Most of the mortgages that Ocwen serviced do not fall into either of these categories. Second, the Class only concerns individuals residing in California at the time Ocwen reported the deficiency. Ocwen furnishes information to credit reporting agencies on consumers nationwide; most of Ocwen's credit-reporting does not include California residents.

Class Action Complaint          6



22.   **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants. Inferring from Ocwen's size and the likely volume of its credit-reporting, Plaintiff asserts that the number of Class members exceeds forty (40), so that individual joinder of all members of the Class is likely to be impracticable. However, based on the allegations in the preceding paragraph, Kuns expressly disavows any allegation that the number of Class members necessarily exceeds forty.

23.   **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member.

24.   **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is not different in any relevant way from any other member of the Class, and the relief he seeks is common to the Class.

25.   **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class: his interests do not conflict with their interests. Plaintiff has retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

26.   **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class

1  members themselves could sustain such individual litigation, it would still not be
2  preferable to a class action, because individual litigation would increase the delay
3  and expense to all parties due to the complex legal and factual controversies
4  presented in this Complaint. By contrast, class actions present far fewer
5  management difficulties and provide the benefits of single adjudication, economy
6  of scale, and comprehensive supervision by a single Court. Economies of time,
7  effort, and expense will be fostered and uniformity of decisions will be ensured.

8      27.   **Generally Applicable Policies:** This class action is also appropriate
9  for certification because Defendants have acted or refused to act on grounds
10 generally applicable to the class, thereby making appropriate final injunctive relief
11 or corresponding declaratory relief with respect to the Class as a whole. The
12 policies of the Defendants challenged herein apply and affect members of the Class
13 uniformly, and Plaintiff's challenge of these policies hinges on Defendants'
14 conduct, not on facts or law applicable only to Plaintiff.

15     28.   **Injunctive Relief is Appropriate:** Based on information and belief,
16 Ocwen continues to engage in the improper practices discussed above. Injunctive
17 relief is necessary and appropriate to enjoin Defendants' conduct and to prevent
18 irreparable harm to Plaintiff and Class members for which they have no adequate
19 remedy at law.

### Class Allegations

21     29.   Ocwen services mortgage loans on residences throughout California,
22 and many of those mortgages have been foreclosed. On information and belief,
23 Ocwen furnishes information to credit reporting agencies (i.e., TransUnion,
24 Experian, and Equifax) indicating that Class members owe the deficiencies from
25 non-judicial foreclosures on the mortgages for residential properties in California
26 and foreclosures of purchase money mortgages on owner-occupied residential
27 properties in California with less than five units. On information and belief, Ocwen
28 also furnishes information to credit reporting agencies indicating that the other

Class Action Complaint                          8

Class members' liability for such deficiencies was discharged in bankruptcy.

30.     Under Code of Civil Procedure sections 580b and 580d, Class members are not liable for the foregoing deficiencies. Therefore, Ocwen regularly furnishes inaccurate and incomplete information about these deficiencies to credit reporting agencies. Ocwen's credit reporting violates section 1785.25(a) of the CCRAA.

**FIRST CAUSE OF ACTION: Violation of the Consumer Credit Reporting Agencies Act (Civ. Code, § 1785.25) Against Ocwen by Plaintiff Individually and on Behalf of the Class**

31.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

32.     TransUnion, Experian, and Equifax are consumer credit reporting agencies, under the meaning of Civil Code section 1785.3, subdivision (d).

33.     The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).)

34.     Kuns and the other Class members had mortgages which were foreclosed.  Under Code of Civil Procedure sections 580b and 580d, Kuns and the other Class members were not liable for the deficiency from these foreclosures.

35.     Ocwen nonetheless furnished information to the CRAs was incomplete and inaccurate because it failed to indicate or disclose that Kuns and the other Class members had no liability for the foregoing deficiencies. The CCRAA prohibits furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).) Defendants violated CCRAA section 1785.25.

36.     Defendants intentionally transmitted information concerning the foregoing foreclosures to the credit reporting agencies. Defendants thereby

---

Class Action Complaint                              9

1   willfully violated CCRAA section 1785.25.

2   37.   Kuns and the other members of the Class have suffered actual injury

3   as a result of the Defendants' violations of the CCRAA. These injuries may

4   include emotional distress, declined and reduced credit, forced purchase of credit

5   reports and credit monitoring, postage and private courier costs, mileage, long-

6   distance telephone charges, lost cell phone airtime, increased credit costs, and

7   38.   Kuns and the other members of the Class seek to recover actual and

8   statutory punitive damages, injunctive and equitable relief, and the costs of the

9   action (including attorneys' fees) under Civil Code § 1785.31.

10   WHEREFORE, Plaintiff Jeffrey Kuns prays that the Court enter judgment

11   and orders in his favor and against Ocwen Loan Servicing, LLC and Does 1 to 100

12   as follows:

13   a.   An order certifying the Class, directing that this case proceed as
14        a class action, and appointing Kuns and his counsel to represent
         the Class;

15   b.   Judgment against Defendants, and in favor of Kuns and the
16        other Class members for actual damages and statutory punitive
         damages, proven at trial;

17   c.   Equitable and injunctive relief, including injunctions enjoining
18        further violations of the CCRAA;

19   e.   An order granting the costs of the action (including attorneys'
          fees); and

20   f.   Such other and further relief as this Court may deem
21        appropriate.

22   Dated: July 12, 2012     By: _____
23                            Jonathan Cothran (259210)
                              J. COTHRAN LAW OFFICES
24                            2230 West Chapman Avenue, Suite 200
                              Orange, California 92868
25                            (714) 974-5600
                              (888) 958-3028
26                            jpcothranlaw@gmail.com

27                            *Attorneys for Plaintiff Jeffrey Kuns, on his own
28                            behalf, and on behalf of all others similarly
                              situated*

Class Action Complaint                          10

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 12, 2012          By: _____

Jonathan Cothran (259210)
J.COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600
(888) 958-3028
jpcothranlaw@gmail.com

*Attorneys for Plaintiff Jeffrey Kuns, on his own behalf, and on behalf of all others similarly situated*

Jury Demand

 

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OCWEN LOAN SERVICING, LLC, a Delaware limited liability
companies, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFFREY KUNS, an individual, on his own behalf and on behalf of all
others similarly situated

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 17 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ , Deputy<br>Mary Flores</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br>*(El nombre y dirección de la corte es):* Superior Court for Los Angeles County<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC488534 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Cothran, 2230 West Chapman Avenue, Suite 200, Orange, CA 92868, (714) 974-5600

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* JUL 17 2012 | JOHN A. CLARKE, Clerk, by<br>*(Secretario)* Mary Flores | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Ocwen Loan Servicing, LLC, a Delaware limited liability
3. ☑ on behalf of *(specify):* Companies

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Limited Liability Company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**Exhibit A, Page 21**



# Notice of Service of Process

null / ALL
**Transmittal Number: 10134587**
**Date Processed: 07/19/2012**

Primary Contact:      Jeffrey McCabe
                      Ocwen Financial Corporation
                      1661 Worthington Road
                      Suite 100
                      West Palm Beach, FL 33409

| | |
|---|---|
| Entity: | Ocwen Loan Servicing, LLC<br>Entity ID Number  2122003 |
| Entity Served: | Ocwen Loan Servicing, LLC |
| Title of Action: | Jeffrey Kuns vs. Ocwen Loan Servicing, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC488534 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/19/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Jonathan Cothran<br>714-974-5600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit A, Page 22

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Jonathan Cothran (239210) <br> J. COTHRAN LAW OFFICES <br> 2230 West Chapman Avenue, Suite 200 <br> Orange, California 92868 <br> TELEPHONE NO.: (714) 974-5600   FAX NO.: (888) 958-3028 <br> ATTORNEY FOR (Name): Jeffrey Kuns | FOR COURT USE ONLY <br><br> **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF LOS ANGELES <br><br> JUL 17 2012 <br><br> John A. Clarke, Executive Officer/Clerk <br> BY _____, Deputy <br> Mary Florts |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk (County) Courthouse

CASE NAME:
Kuns v. Ocwen Loan Servicing, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **BC 488532** |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT:    **BY FAX** |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): One
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 12, 2012
Jonathan Cothran
(TYPE OR PRINT NAME)      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A, Page 23

| SHORT TITLE: Kuns v. Ocwen Loan Servicing, LLC | CASE NUMBER: BC488534 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION) BY FAX

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

**Exhibit A, Page 24**




| SHORT TITLE: Kuns v. Ocwen Loan Servicing, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1. , 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1. , 2. , 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1. , 2. , 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1. , 2. , 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1. , 2. , 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1. , 2. , 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2. , 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1. , 2. , 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1. , 2. , 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2. , 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2. , 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1. , 2. , 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1. , 2. , 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2. , 5. , 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2. , 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1. , 2. , 5. , 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1. , 2. , 3. , 5. |
| | | ☐ A6031  Tortious Interference | 1. , 2. , 3. , 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1. , 2. , 3. , 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2. , 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2. , 6. |
| | | ☐ A6032  Quiet Title | 2. , 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2. , 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2. , 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2. , 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2. , 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2. , 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

**Exhibit A, Page 25**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Kuns v. Ocwen Loan Servicing, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A, Page 26




| SHORT TITLE: Kuns v. Ocwen Loan Servicing, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>10851 Virginia Avenue<br>Whittier, California 90603 |
|---|---|
| CITY:<br>Whittier | STATE:<br>CA | ZIP CODE:<br>90603 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: July 12, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

07/17/12

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

Exhibit A, Page 27

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/25/12

DEPT. 322

HONORABLE Kenneth R. Freeman     JUDGE     D. McCULLOUGH     DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

T. TENNYSON, C.A.     Deputy Sheriff     NONE     Reporter

9:00 am   BC488534

JEFFREY KUNS
VS
OCWEN LOAN SERVICING LLC

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to Department 322, Central Civil
West Courthouse for all purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
October 5, 2012 at 1:30 p.m. in this department. At
least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the
issues set forth in the Initial Status Conference
Order issued this date. The Initial Status
Conference Order is to help the Court and the
parties manage this complex case by developing an
orderly schedule for briefing, discovery, and court
hearings. The parties are informally encouraged to
exchange documents and information as may be useful
for case evaluation.

Responsive pleadings shall not be filed until
further Order of the Court. Parties must file a
Notice of Appearance in lieu of an Answer or other
responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any

Page   1 of   3     DEPT. 322

MINUTES ENTERED
07/25/12
COUNTY CLERK

Exhibit A, Page 28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/25/12

DEPT. 322

HONORABLE Kenneth R. Freeman   JUDGE   D. MCCULLOUGH   DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR

T. TENNYSON, C.A.   Deputy Sheriff   NONE   Reporter

9:00 am BC488534

JEFFREY KUNS
VS
OCWEN LOAN SERVICING LLC.

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

NATURE OF PROCEEDINGS:

substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for
filing an Affidavit of Prejudice pursuant to Code of
Civil Procedure Section 170.6.

According to Government Code Section 70616(c), each
party shall pay a fee of $1,000.00 to the Los
Angeles Superior Court within 10 calendar days from
this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

## CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order of this date
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Page   2 of   3   DEPT. 322

MINUTES ENTERED
07/25/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 07/25/12 | | | DEPT. 322 |
| HONORABLE Kenneth R. Freeman | JUDGE | D. McCULLOUGH | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. TENNYSON, C.A. | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 9:00 am | BC488534 | Plaintiff<br>Counsel |
| | JEFFREY KUNS<br>VS<br>OCWEN LOAN SERVICING LLC | Defendant<br>Counsel |
| | | NO APPEARANCES |

NATURE OF PROCEEDINGS:

Dated: July 25, 2012

John A. Clarke, Executive Officer/Clerk

By: _____
        D. McCULLOUGH

Johathan Cothran, Esq.
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, CA  92868

Page  3 of  3   DEPT. 322

MINUTES ENTERED
07/25/12
COUNTY CLERK

Exhibit A, Page 30

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 25 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Debra McCullough

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JEFFREY KUNS, et al., | Case No.: BC488534 |
| Plaintiff, | **INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)** |
| vs. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
| OCWEN LOAN SERVICING, LLC. etc., et al. | Department: 322 |
| Defendants. | Date:        October 5, 2012 |
| | Time:        1:30 p.m. |

     This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program.  An Initial Status Conference is set for October 5, 2012 at 1:30 p.m. in Department 322 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

     The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.

INITIAL STATUS CONFERENCE ORDER

 

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

    **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

    **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

    **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

    **8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

   **NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

   **9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

   **10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

   **11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can

---

[1]See Code Civ. Proc. § 437c, subd. (s)

-3-

INITIAL STATUS CONFERENCE ORDER

the parties negotiate a compromise?  At minimum, please summarize each side's views on

discovery.   The court generally allows discovery on matters relevant to class certification, which

(depending on circumstances) may include factual issues also touching the merits.  The court

generally does not permit extensive or expensive discovery relevant only to the merits (for

example, detailed damages discovery) unless a persuasive showing establishes early need.  If any

party seeks discovery from absent class members, please estimate how many, and also state the

kind of discovery you propose[2].

      **12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or

reimbursement, and (2) whether there are any insurance coverage issues which might affect

settlement.

      **13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each

party's position about it.  If pertinent, how can the court help identify the correct neutral and

prepare the case for a successful settlement negotiation?

      **14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for

the following:

- ■ The next status conference,

- ■ A schedule for alternative dispute resolution, if it is relevant,

- ■ A filing deadline for the motion for class certification, and

- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

      **15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program

requires the parties in every new case to use a third-party cloud service, such as:

- ■ Case Anywhere (www.caseanywhere.com),

---

[2] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER



■ CaseHomePage ([www.casehomepage.com](www.casehomepage.com)), or

■ Lexis-Nexis File & Serve ([www.lexisnexis.com/fileandserve](www.lexisnexis.com/fileandserve)).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

---

[3] California Rule of Court, Rule 3.770(a)

-5-

parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated:        JUL 2 5 2012

Judge Kenneth R. Freeman

-6-

INITIAL STATUS CONFERENCE ORDER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 7118 DMG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:



| | |
|---|---|
| **[ ] Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | **[ ] Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | **[ ] Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jeffrey Kuns, an individual, on his own behalf and on behalf of all others similarly situated | Ocwen Loan Servicing, LLC, a Delaware limited liability company, and DOES 1-100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jonathan Cothran | Elizabeth L. McKeen, Danielle N. Oakley, Edgar H. Martinez |
| J. COTHRAN LAW OFFICES | O'Melveny & Myers, LLP |
| Orange, California 92868 | 610 Newport Center Drive, 17th Floor |
| (714) 974-5600 | Newport Beach, California 92660-6429 |
| jcothranlaw@gmail.com | (949) 760-9600 |
| | emckeen@omm.com; doakley@omm.com; emartinez@omm.com |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 1441, 1446 & 1453. Diversity jurisdiction under the Class Action Fairness Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV12-7118**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida and Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_ Date August 17, 2012
Edgar R. Martinez

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com