Name _____
Address _____
City, State, Zip _____
Phone _____
Fax _____
E-Mail _____

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | |
| v. | |
| DEFENDANT(S). | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

_____     _____
Date                                                Signature
                                                    ☐ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                         **NOTICE OF APPEAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 12-7118 DMG(PLAx)** | Date | April 1, 2013 |

| | | | |
|---|---|---|---|
| Title | *Jeffrey Kuns v. Ocwen Loan Servicing, LLC, et al.* | Page | 1 of 5 |

| | |
|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 13]**

**I.
PROCEDURAL BACKGROUND**

On July 17, 2012, Jeffrey Kuns ("Plaintiff") filed a class action Complaint in the Los Angeles County Superior Court against Defendant Ocwen Loan Servicing, LLC ("Defendant"), raising one cause of action for a violation of the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). On August 17, 2012, removed the action to this Court. [Doc. # 1].

On September 19, 2012, Defendant filed the instant motion to dismiss . [Doc. # 13]. On October 25, 2012, the Court took the Motion under submission and vacated the hearing, originally set for October 26, 2012. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Defendant's Motion is GRANTED.

**II.
FACTUAL BACKGROUND**

In 2005, Plaintiff purchased a residence in Nevada City, California with a purchase money loan, serviced by Defendant. (Compl. ¶ 1.) On December 21, 2009, when Plaintiff could no longer make his mortgage payments, the residence was sold in a non-judicial foreclosure. (*Id.*) There was a deficiency balance from the foreclosure: proceeds from the sale fell approximately $400,000 short of the full amount of the loan at the time of the foreclosure. (*Id.* ¶ 17.)

On June 16, 2011, as Plaintiff was preparing to file for bankruptcy, he discovered that Defendant had furnished information to Equifax, a credit reporting agency, indicating that Plaintiff was liable for the deficiency from the 2009 foreclosure. (*Id.*) Plaintiff filed for Chapter

Case 2:12-cv-07118-DMG-PLA   Document 33   Filed 04/01/13   Page 2 of 5   Page ID #:497

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 12-7118 DMG(PLAx) | Date | April 1, 2013 |
|---|---|---|---|

| Title | *Jeffrey Kuns v. Ocwen Loan Servicing, LLC, et al.* | Page | 2 of 5 |
|---|---|---|---|

Seven bankruptcy in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court"). (*Id.*; Decl. of Danielle Oakley ("Oakley Decl."), Ex. 2. [Doc. # 13-4].) Plaintiff did not list his current cause of action against Defendant in his schedule of assets as part of his petition for the bankruptcy. (Oakley Decl., Ex. 1. [Doc. # 13-3].) In October 2011, after Plaintiff's bankruptcy, Defendant furnished information to Equifax showing that Plaintiff's deficiency had been discharged through the bankruptcy. (Notice of Removal, Ex. A ¶ 18.)

On September 5, 2012, after Plaintiff brought the current action against Defendant, Plaintiff moved to reopen his Chapter Seven bankruptcy proceeding and amended his schedule of assets to include his cause of action against Defendant. (Oakley Decl., Ex. 2; Pl.'s Req. for Judicial Notice ("RJN"), Ex. 2 [Doc. # 17].) On September 14, 2012, Sam Leslie, the bankruptcy trustee, filed notice that he would abandon any interest the bankruptcy estate had in Plaintiff's current claim against Defendant absent objections by an interested party within fourteen days. (Pl.'s RJN, Ex. 5.) On October 3, 2012, after the fourteen-day period passed without any objections, the Bankruptcy Court re-closed the case. (Pl.'s RJN, Ex. 1.)

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-7118 DMG(PLAx)** | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Jeffrey Kuns v. Ocwen Loan Servicing, LLC, et al.* | Page | 3 of 5 |

## IV.
## DISCUSSION

### A. Standing and Judicial Estoppel

Prior to a Chapter Seven bankruptcy proceeding, a debtor must submit a schedule of assets for potential liquidation by a Chapter Seven bankruptcy trustee. *See Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). A debtor must include any legal claims he may bring as assets in this schedule. *Id.* Any undisclosed assets remain the property of the bankruptcy estate, even after the debt is discharged. *Id.* Where a legal claim is unscheduled, the Chapter Seven bankruptcy trustee (on behalf of the bankruptcy estate) becomes the real party in interest for the claim and the debtor loses standing to pursue it. *See Dunmore v. U.S.*, 358 F.3d 1107, 1112 (9th Cir. 2004). Nonetheless, Federal Rule of Civil Procedure 17(a) permits a party to obtain the real party in interest's ratification to proceed with a cause of action. Fed. R. Civ. P. 17(a). Pursuant to Rule 17(a), the Ninth Circuit has indicated that a debtor may cure prudential standing defects after a complaint is filed by having the trustee formally abandon the claim, provided the defects arose from an "understandable mistake" by the debtor. *Dunmore*, 358 F.3d at 1112.

Defendant claims that Plaintiff lacks standing because he did not initially list the cause of action at issue in his schedule of assets when filing for Chapter Seven bankruptcy in June 2011. (Mot. at 12.) Plaintiff alleges a single cause of action in this case: that Defendant violated the CCRAA by inaccurately reporting Plaintiff's deficiency balance. (Notice of Removal, Ex. A ¶ 35.) Plaintiff discovered that Defendant had been reporting that Plaintiff was liable for the deficiency balance, as he was filing for Chapter Seven bankruptcy in 2011. (Notice of Removal, Ex. A ¶ 17.) While Plaintiff did not disclose the claim on the initial schedule of assets, Plaintiff reopened the bankruptcy case and amended his schedule of assets, as *Dunmore* instructs. (Pl.'s Request for Judicial Notice ("RJN"), Ex. 1; Ex. 2; Ex. 5.) When the trustee abandoned the claim, any standing defects were cured. Hence, the Court finds that Plaintiff has standing to pursue his pre-bankruptcy claims.

Defendant also asks the court to apply the doctrine of judicial estoppel to prevent Plaintiff from asserting the claim now, given his failure to do so in bankruptcy. The doctrine of judicial estoppel is an equitable doctrine, designed to prevent parties from playing games with the court. Plaintiff claims that the failure to disclose the claim was merely an inadvertent mistake. As Plaintiff had not filed any claims against Defendant at the time of his bankruptcy proceedings, there is no evidence suggesting that Plaintiff deliberately sought to conceal the existence of his CCRAA claim while creating his schedule of assets. Moreover, Defendant has not been prejudiced by the inadvertent failure. Thus, Plaintiff is not estopped from asserting his claims.

Case 2:12-cv-07118-DMG-PLA  Document 32  Filed 04/01/13  Page 4 of 5  Page ID #:495

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 12-7118 DMG(PLAx) | Date | April 1, 2013 |
|---|---|---|---|

| Title | *Jeffrey Kuns v. Ocwen Loan Servicing, LLC, et al.* | Page | 4 of 5 |
|---|---|---|---|

**B. California Consumer Credit Reporting Agencies Act**

**1. Pre-Bankruptcy Reporting**

Section 1785.25(a) of the CCRAA provides that "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

Plaintiff claims that California's Anti-Deficiency Statute, Cal. Civ. Proc. Code §§80b(a)(3), 580d, entirely eliminates his liability for his deficiency balance and, as a result, Defendant's actions in reporting it violated the CCRAA. Section 580b(a)(3) states that no deficiency judgment shall lie against debtors for any deficiency resulting from a foreclosure on a purchase money mortgage for a personal residence that is used by less than five families. Cal. Civ. Proc. Code § 580b(a)(3). Likewise, section 580d holds that no deficiency judgment shall lie against debtors for any deficiency resulting from a non-judicial foreclosure. Cal. Civ. Proc. Code § 580d. Plaintiff's residence was originally acquired by Plaintiff with a purchase money mortgage serviced by Defendant, and was later sold in non-judicial foreclosure. (Notice of Removal, Ex. A ¶ 1.) Hence, both 580b(a)(3) and 580d bar a deficiency judgment against Plaintiff for the deficiency from the 2009 foreclosure of his residence.

Notwithstanding the bar against deficiency judgments, California courts have interpreted sections 580b(a)(3) and 580d only in the "strict sense" of prohibiting deficiency judgments, rather than eradicating the debt. *Hodges v. Mark*, 49 Cal. App. 4th 651, 657, 56 Cal. Rptr. 2d 700 (1996); *Armsey v. Channel Associates, Inc.*, 184 Cal. App. 3d 833, 837, 229 Cal. Rptr. 509 (1986). Sections 580b(a)(3) and 580d merely limit remedies available to creditors and do not completely extinguish a debtor's liability for the deficiency. *See Romo v. Stewart Title of Cal.*, 35 Cal. App. 4th 1609, 1615 n.5, 42 Cal. Rptr. 2d 414 (1995) ("Although the lender may not obtain a deficiency judgment after a foreclosure . . ., the foreclosure does not extinguish the debt. The lender retains other remedies for collection of the unpaid balance of the debt.")

Plaintiff argues that Defendant cannot claim to have accurately and completely reported the deficiency debt to the credit reporting agencies if it did not report the fact that it cannot collect in court on this debt. In *Wang v. Asset Acceptance, LLC*, 681 F. Supp. 2d 1143, 1148 (N.D. Cal. 2010), the court considered whether the furnisher of information was required to report the fact that the statute of limitations had run on the debt collection. The court found that because the statute of limitations is an affirmative defense which does not extinguish a debt, but merely bars recovery if asserted, its reporting was not required--the debt still existed. *Id.* at 1149. The same is true here. The CCRAA mentions no affirmative duty to report that the debt

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | **CV 12-7118 DMG(PLAx)** | Date | April 1, 2013 |
| Title | *Jeffrey Kuns v. Ocwen Loan Servicing, LLC, et al.* | Page | 5 of 5 |

cannot be collected as a deficiency. Though Defendant cannot recover the deficiency in court, the balance exists and may be reported as an existing debt as a matter of law.

Plaintiff argues that *Wang* does not apply because the statute of limitations is a defense that may be waived, while the deficiency judgment bar may not. *See Herrera v. LCS Fin. Services Corp.*, C09-02843 TEH, 2009 WL 2912517 (N.D. Cal. Sept. 9, 2009). It is true that, unlike a limitations period which may be waived, a creditor may not seek court intervention to enforce a deficiency judgment. The central point in *Wang*, however, still holds. Even though the debt is not recoverable in court, it is not extinguished under California law. If the California legislature wanted to include a creditor's affirmative duty to report that a debt is uncollectible in court, it could have done so, but the statute as written does not support such an interpretation.

**2. Post-Bankrputcy Reporting**

Plaintiff additionally argues that Defendant's post-bankruptcy reporting is inaccurate because it listed the date of the debt's discharge as the date of his bankruptcy, rather than the date of the foreclosure sale two years prior. Plaintiff claims that his personal liability for the debt ended upon the foreclosure sale, which is the date that he asserts should have been reported. For the same reasons discussed above – that the anti-deficiency statute does *not* extinguish the debt, despite preventing a court judgment – the Court finds that this claim also falters and Defendant's report of the existence of the debt is accurate as a matter of law.

## V.
## CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

| | |
|---|---|
| 1 | David C. Parisi (162248) |
| | Suzanne Havens Beckman (188814) |
| 2 | PARISI & HAVENS LLP |
| | 15233 Valleyheart Drive |
| 3 | Sherman Oaks, California 91403 |
| | (818) 990-1299 (telephone) |
| 4 | (818) 501-7852 (facsimile) |
| | dcparisi@parisihavens.com |
| 5 | shavens@parisihavens.com |
| 6 | Ethan Preston (263295) |
| | PRESTON LAW OFFICES |
| 7 | 8245 North 85th Way |
| | Scottsdale, Arizona 85258 |
| 8 | (480) 269-9540 (telephone) |
| | (866) 509-1197 (facsimile) |
| 9 | ep@eplaw.us |
| 10 | Jonathan Cothran (259210) |
| | J. COTHRAN LAW OFFICES |
| 11 | 2230 West Chapman Avenue, Suite 200 |
| | Orange, California 92868 |
| 12 | (714) 974-5600 (telephone) |
| | (888) 958-3028 (facsimile) |
| 13 | jpcothranlaw@gmail.com |

*Attorneys for Plaintiff Jeffery Kuns, on his own behalf, and behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KUNS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>Defendants. | No. 12-CV-7118 (DMG) (PLAx)<br><br>District Judge Dolly M. Gee<br><br>Magistrate Judge Paul L. Abrams<br><br>**PLAINTIFF JEFFREY KUNS'S NOTICE OF APPEAL FROM THE COURT'S APRIL 1, 2013 ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REPRESENTATION STATEMENT** |

Notice of Appeal                                                                 No. 12-CV-7118 (DMG) (PLAx)

# NOTICE OF APPEAL

Plaintiff Jeffery Kuns hereby submits his Notice of Appeal from the Court's Order Granting Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Dkt. #32). Plaintiff Jeffery Kuns hereby appeals to the United States Court of Appeals for the Ninth Circuit from the District Court's April 1, 2013 Order.

## REPRESENTATION STATEMENT

Pursuant to Circuit Rule 3-2(b), parties to the appeal and the names, addresses, and telephone numbers for their counsel are listed below. Jeffery Kuns, plaintiff and appellant in this matter, is represented by:

> David C. Parisi (162248)
> Suzanne Havens Beckman (188814)
> PARISI & HAVENS LLP
> 15233 Valleyheart Drive
> Sherman Oaks, California 91403
> (818) 990-1299 (telephone)
> (818) 501-7852 (facsimile)
> dcparisi@parisihavens.com
> shavens@parisihavens.com
>
> Ethan Preston (263295)
> PRESTON LAW OFFICES
> 8245 North 85th Way
> Scottsdale, Arizona 85258
> (480) 269-9540 (telephone)
> (866) 509-1197 (facsimile)
> ep@eplaw.us
>
> Jonathan Cothran (259210)
> J. COTHRAN LAW OFFICES
> 2230 West Chapman Avenue, Suite 200
> Orange, California 92868
> (714) 974-5600
> (888) 958-3028
> jpcothranlaw@gmail.com

Ocwen Loan Servicing, LLC, defendant and appellee in this matter, is represented by:

> Elizabeth Lemond McKeen
> Danielle Nicole Oakley
> Edgar H Martinez
> O'MELVENY & MYERS LLP
> 610 Newport Center Drive Suite 1700
> Newport Beach, California 92660-6429
> (949) 823-6900

emckeen@omm.com
doakley@omm.com
emartinez@omm.com

Dated: April 4, 2012        By: _s/Ethan Preston_
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600
(888) 958-3028
jpcothranlaw@gmail.com

*Attorneys for Plaintiff Jeffery Kuns, on his own behalf, and behalf of all others similarly situated*

# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that copies of the attached documents were this date served upon the parties below Fed. R. Civ. P. 5(b) by causing copies of such documents to be transmitted to parties below through the Electronic Filing System in the manner prescribed by the Court's General Order 10-07 ¶IV on the date below:

      Elizabeth Lemond McKeen
      Danielle Nicole Oakley
      Edgar H Martinez
      O'Melveny and Myers LLP
      610 Newport Center Drive Suite 1700
      Newport Beach, CA 92660-6429
      emckeen@omm.com
      doakley@omm.com
      emartinez@omm.com

*Attorneys for Ocwen Loan Servicing, LLC*

Dated: April 4, 2012      By: s/Ethan Preston

      David C. Parisi (162248)
      Suzanne Havens Beckman (188814)
      PARISI & HAVENS LLP
      15233 Valleyheart Drive
      Sherman Oaks, California 91403
      (818) 990-1299 (telephone)
      (818) 501-7852 (facsimile)
      dcparisi@parisihavens.com
      shavens@parisihavens.com

      Ethan Preston (263295)
      PRESTON LAW OFFICES
      8245 North 85th Way
      Scottsdale, Arizona 85258
      (480) 269-9540 (telephone)
      (866) 509-1197 (facsimile)
      ep@eplaw.us

      Jonathan Cothran (259210)
      J. COTHRAN LAW OFFICES
      2230 West Chapman Avenue, Suite 200
      Orange, California 92868
      (714) 974-5600
      (888) 958-3028
      jpcothranlaw@gmail.com

*Attorneys for Plaintiff Jeffery Kuns, on his own behalf, and behalf of all others similarly situated*